**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**GREENWOOD LEFLORE HOSPITAL**                                    **APPELLANT**

**VS.**                                    **CIVIL ACTION NO. 3:26-cv-00336-KHJ-MTP**

**MISSISSIPPI DIVISION OF MEDICAID AND**
**CINDY BRADSHAW IN HER OFFICIAL CAPACITY**
**AS EXECUTIVE DIRECTOR OF THE MISSISSIPPI**
**DIVISION OF MEDICAID**                                    **APPELLEES**

### APPELLANT'S EMERGENCY MOTION TO EXPEDITE CONSIDERATION OF MOTION TO REMAND OR, ALTERNATIVELY, TO ENFORCE STATE COURT ORDER

**(EXPEDITED AND EMERGENCY RELIEF REQUESTED)**

Appellant Greenwood Lefore Hospital ("GLH"), by and through counsel, files this Emergency Motion to Expedite Consideration of Motion to Remand or, Alternatively, to Enforce State Court Order. For the reasons explained below and in the supporting brief filed with this motion, this Court should either expeditiously remand this matter to the Chancery Court of the First Judicial District of Hinds County, Mississippi, or alternatively enter an order enforcing the Chancery Court's Emergency Order Staying Recoupment [*Chancery Ct. Dkt*. #16] and prohibit Appellees Mississippi Division of Medicaid and Cindy Bradshaw, in her official capacity as Executive Director of the Mississippi Division of Medicaid (collectively, "DOM"), from withholding Appellant's Mississippi Hospital Access Program (MHAP) payments. The relief requested in this motion is necessary to prevent GLH from closing, which will irreparably harm GLH and the people of Greenwood, Leflore County, Mississippi, and surrounding areas, who depend on GLH for vital hospital services.

In support of this motion, GLH shows to the Court the following:

1.      This case involves GLH's appeal of Appellees' final agency decision on October 29, 2025 ("the October 29 Final Decision") [*Chanc. Ct. Dkt*. #3, at Ex. A], which denied GLH's right to an agency appeal of Appellees' separate decision on September 17, 2025 (the "September 17  Decision," Exhibit 4). The September 17 Decision rejected GLH's request for a modified schedule for the recoupment of $5,518,929 in State Fiscal Year 2024 Mississippi Hospital Access Program ("MHAP") payments.[1]

2.      During the Chancery Court appeal, DOM attempted to go forward with the recoupments, which would have caused GLH to become financially unviable and close. To preserve GLH's MHAP funds and avoid obvious irreparable harm, on March 11, 2026, the Chancery Court entered an Emergency Order Staying Recoupment ("the Emergency Order") [*Chanc. Ct. Dkt*. 16]. Subject to GLH posting a bond,[2] the Emergency Order stayed the 2024 MHAP recoupments, thus preserving GLH's MHAP payments without any reduction pending this appeal and any administrative appeal that may occur on remand. GLH's next MHAP payment of approximately $2,447,038.73 is due from Appellees before the end of this month, June 2026. **Without this payment, GLH will be forced to cease operations and close by June 30, 2026. *See* Exhibit 3.**

3.      On April 15, 2026, GLH filed a voluntary petition for relief under Chapter 9 of Title 11 of the United States Bankruptcy Code. *See In re: Greenwood Leflore Hospital*, Case No. 26-11337-SDM. On May 13, 2026, Appellees removed this appeal to this Court alleging that it is a core bankruptcy proceeding over which this Court has jurisdiction. [*Dkt*. #1] In their Notice of

---

[1] *See* Miss. Code Ann. § 43-13-117(A)(18)(c) (establishing MHAP program to "to ensure access to inpatient and outpatient care and to maximize any federal funds that are available to reimburse hospitals for services provided").

[2] GLH filed the required bond with the Chancery Court on March 26, 2026. [*Chanc. Ct. Dkt*. #17]

Removal, Appellees acknowledged that the Chancery Court's Emergency Order "remain[s] binding absent further action being taken in the bankruptcy court." *Id*. ¶3.

4.      On May 29, Appellees filed their Motion to Refer Civil Action to Bankruptcy Court. [*Dkt*. #3] On June 10, GLH filed its Motion to Remand and/or Abstain [*Dkt*. #7] supporting brief [*Dkt*. #8], explaining that this Court should equitably remand the matter pursuant to 28 U.S.C. §1452(b), and/or abstain pursuant to 28 U.S.C. §§1334(c)(1) and 1334(c)(2). [*Dkt*. #8], at 2.

5.      On or about June 9, 2026, counsel for Appellees informed counsel for GLH that Appellees do not intend to make the June MHAP payment to GLH. Counsel for GLH confirmed this conversation by email on June 9, 2026. In response, Appellees' attorney stated "[t]hat [withholding the June MHAP payment] was their initial position … [but] it may get looked at again." However, "to avoid last-minute scrambling," counsel for Appellees suggested "we probably ought to start thinking about how to address it sooner than later." *See* Exhibit 1. A fair reading of this email is that, despite the clear intent of the binding Chancery Court Emergency Order to preserve GLH's MHAP funding, Appellees intend to withhold GLH's June 2026 MHAP payment unless they either change their mind or are ordered (again) by a court to make the payment. On June 15, 2026, GLH's attorney emailed counsel for Appellees requesting assurance that the June MHAP payment would be made. *See* Exhibit 2. To date, Appellees have not provided such assurance.

6.      Failure to pay the June 2026 MHAP payment will violate the Chancery Court's Emergency Order and Appellees' own rules and regulations. 23 Miss. Admin. Code Pt 300, Rules 3.1.A, 3.3.A.

7.      GLH has agreed to a proposed Contribution and Asset Transfer Agreement with the University of Mississippi Medical Center (UMMC"), which has been submitted to the Bankruptcy

Court as Exhibit A to GLH's Plan of Adjustment. *See* Exhibit 5. The Contribution and Asset Transfer Agreement provides, among other things, that "GLH shall not, prior to the Closing Date: (a) cease operations, close GLH, or effect a close of business …." This transaction is set to close on or about August 1, 2026 ("the Closing Date"). Without the June MHAP payment, however, GLH will be forced to cease operations and close by approximately June 30, 2026, and thus be unable to meet its closing obligations under the Contribution and Asset Transfer Agreement. *See* Exhibit 3.

8. Expedited and emergency judicial relief is necessary to avoid this devastating outcome. First, this Court should expedite the decision GLH's Motion to Remand and/or Abstain. As explained in this motion and supporting brief, this Court should equitably remand the matter pursuant to 28 U.S.C. §1452(b), and/or abstain pursuant to 28 U.S.C. §§1334(c)(1) and 1334(c)(2). [*Dkt*. #8], at 2. To avoid irreparable harm to GLH and the patients it serves, the Court should emergently remand this matter to the Chancery Court, so that court may consider whether Appellees are required to make GLH's June MHAP payment without interruption and enforce the Emergency Order. Second and alternatively, if this Court determines it has jurisdiction and does not abstain, this Court should *immediately* enter an order enforcing the Chancery Court's Emergency Order and directing Appellees to continue GLH's MHAP payments without reduction or interruption – the clear intent of the Emergency Order.

9. In further support of this motion, GLH relies upon the following:

A. Exhibit 1 – Emails between Douglas C. Noble and Craig Geno dated June 9, 2026;

B. Exhibit 2 – Email to Craig Geno dated June 15, 2026;

C. Exhibit 3 – Declaration of Gary Marchand;

D.  Exhibit 4 – September 17, 2025 Decision;

E.  Exhibit 5 – Proposed Contribution and Asset Transfer Agreement; and

F.  Appellant's Brief in Support of Emergency Motion to Expedite Consideration of Motion to Remand or, Alternatively, to Enforce State Court Order.

For the reasons stated above, GLH urgently requests that this Court grant this motion and (a) expeditiously consider GLH's Motion to Remand and/or Abstain, (b) promptly remand this appeal to Chancery Court, or (c) enter an immediate order confirming and enforcing the Chancery Court's Emergency Order and prohibiting Appellees from withholding or reducing GLH's June MHAP payment. GLH request such other relief as is necessary and appropriate to preserve access to hospital care in the community it serves.

Respectfully submitted, this the 17th day of June 2026.

GREENWOOD LEFLORE HOSPITAL

BY:  _/s/  George H. Ritter_
**GEORGE H. RITTER (MSB #5372)**
**BEAU M. BETTIGA (MSB #105905)**
**WISE CARTER CHILD & CARAWAY, P.A.**
401 East Capitol Street, Suite 600 (39201)
Post Office Box 651
Jackson, MS  39205
Telephone:  601-968-5500
Facsimile:  601-967-5593
ghr@wisecarter.com
bmb@wisecarter.com

**SEAN R. GUY (MSB #100362)**
**DOUGLAS C. NOBLE, (MSB #10526)**
**MCCRANEY MONTAGNET QUIN & NOBLE, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
Facsimile: (601) 510-2939

sguy@mmqnlaw.com
dnoble@mmqnlaw.com

6