**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**GREENWOOD LEFLORE HOSPITAL**                                            **APPELLANT**

**VS.**                                            **CIVIL ACTION NO. 3:26-cv-00336-KHJ-MTP**

**MISSISSIPPI DIVISION OF MEDICAID AND**
**CINDY BRADSHAW IN HER OFFICIAL CAPACITY**
**AS EXECUTIVE DIRECTOR OF THE MISSISSIPPI**
**DIVISION OF MEDICAID**                                            **APPELLEES**

**APPELLANT'S BRIEF IN SUPPORT OF EMERGENCY MOTION TO EXPEDITE**
**CONSIDERATION OF MOTION TO REMAND OR, ALTERNATIVELY, TO ENFORCE**
**STATE COURT ORDER**

**(EXPEDITED AND EMERGENCY RELIEF REQUESTED)**

Appellant Greenwood Lefore Hospital ("GLH"), by and through counsel, files this Brief in Support of  Emergency Motion to Expedite Consideration of Motion to Remand or, Alternatively, to Enforce State Court Order. For the reasons explained below, this Court should either expeditiously remand this matter to the Chancery Court of the First Judicial District of Hinds County, Mississippi, or alternatively enter an order enforcing the Chancery Court's Emergency Order Staying Recoupment [*Chancery Ct. Dkt*. #16] and prohibit Appellees Mississippi Division of Medicaid and Cindy Bradshaw, in her official capacity as Executive Director of the Mississippi Division of Medicaid (collectively, "DOM"), from withholding Appellant's Mississippi Hospital Access Program (MHAP) payments. The relief requested in this motion is necessary to prevent GLH from closing, which will irreparably harm GLH and the people of Greenwood, Leflore County, Mississippi, and surrounding areas, who depend on GLH for vital hospital services.

**Expediting consideration of this motion is critical because the June MHAP payment, which Appellees threaten to withhold is due by the end of this month. Without this payment, GLH will be forced to close by approximately June 30, 2026.**

**INTRODUCTION AND BACKGROUND[1]**

This case involves GLH's appeal of Appellees' final agency decision on October 29, 2025 ("the October 29 Final Decision") [*Chanc. Ct. Dkt*. #3, at Ex. A], which denied GLH's right to an agency appeal of Appellees' separate decision on September 17, 2025 (the "September 17 Decision"). The September 17 Decision rejected GLH's request for a modified schedule for the recoupment of $5,518,929 in State Fiscal Year 2024 Mississippi Hospital Access Program ("MHAP") payments.[2] During the Chancery Court appeal, DOM attempted to go forward with the recoupments, which would have caused GLH to become financially unviable and close. To preserve GLH's MHAP funds and avoid obvious irreparable harm, on March 11, 2026, the Chancery Court entered an Emergency Order Staying Recoupment ("the Emergency Order") [*Chanc. Ct. Dkt*. 16]. Subject to GLH posting a bond,[3] the Emergency Order stayed the 2024 MHAP recoupments, thus preserving GLH's MHAP payments without any reduction pending this appeal and any administrative appeal that may occur on remand. GLH's next MHAP payment of approximately $2,447,038.73 is due from Appellees before the end of this month, June 2026. **Without this payment, GLH will be forced to cease operations and close by approximately June 30, 2026.** *See* Exhibit 3.

On April 15, 2026, GLH filed a voluntary petition for relief under Chapter 9 of Title 11 of the United States Bankruptcy Code. *See In re: Greenwood Leflore Hospital*, Case No. 26-11337-

---

[1] For a more detailed statement of the facts and proceedings, GLH refers the Court and incorporates its Motion to Remand and/or Abstain [Dkt. #7] and Memorandum Brief in Support of Motion to Remand and/or Abstain [*Dkt.* #8].

[2] *See* Miss. Code Ann. § 43-13-117(A)(18)(c) (establishing MHAP program to "to ensure access to inpatient and outpatient care and to maximize any federal funds that are available to reimburse hospitals for services provided").

[3] GLH filed the required bond with the Chancery Court on March 26, 2026. [*Chanc. Ct. Dkt*. #17]

SDM. On May 13, 2026, Appellees removed this appeal to this Court alleging that it is a core bankruptcy proceeding over which this Court has jurisdiction. [*Dkt*. #1] In their Notice of Removal, Appellees acknowledged that the Chancery Court's Emergency Order "remain[s] binding absent further action being taken in the bankruptcy court." *Id*. ¶3. On May 29, Appellees filed their Motion to Refer Civil Action to Bankruptcy Court. [*Dkt*. #3] On June 10, GLH filed its Motion to Remand and/or Abstain [*Dkt*. #7] and supporting brief [*Dkt*. #8], explaining that this Court should equitably remand the matter pursuant to 28 U.S.C. §1452(b), and/or abstain pursuant to 28 U.S.C. §§1334(c)(1) and 1334(c)(2). [*Dkt*. #8], at 2.

On or about June 9, 2026, counsel for Appellees informed counsel for GLH that Appellees do not intend to make the June MHAP payment to GLH. Counsel for GLH confirmed this conversation by email on June 9, 2026. In response, Appellees' attorney stated "[t]hat [withholding the June MHAP payment] was their initial position … [but] it may get looked at again." However, "to avoid last-minute scrambling," counsel for Appellees suggested "we probably ought to start thinking about how to address it sooner than later." *See* Exhibit 1. A fair reading of this email is that, despite the clear intent of the binding Chancery Court Emergency Order to preserve GLH's MHAP funding, Appellees intend to withhold GLH's June 2026 MHAP payment unless they either change their mind or are ordered (again) by a court to make the payment. On June 15, 2026, GLH's attorney emailed counsel for Appellees requesting assurance that the June MHAP payment would be made. *See* Exhibit 2. To date, Appellees have not provided such assurance.

GLH has agreed to a proposed Contribution and Asset Transfer Agreement with the University of Mississippi Medical Center ("UMMC"), which has been submitted to the Bankruptcy Court as Exhibit A to GLH's Plan of Adjustment. *See* Exhibit 5. The Contribution and Asset Transfer Agreement provides, among other things, that "GLH shall not, prior to the Closing

Date: (a) cease operations, close GLH, or effect a close of business …." This transaction is set to close on or about August 1, 2026 ("the Closing Date"). Without the June MHAP payment, however, GLH will be forced to cease operations and close by approximately June 30, 2026, thus jeopardizing the closing of the UMMC transaction and risking the cessation of all hospital services in the central Mississippi Delta. *See* Exhibit 3.

Expedited and emergency judicial relief is necessary to avoid this devastating outcome. First, this Court should expedite the decision GLH's Motion to Remand and/or Abstain. As explained in this motion and supporting brief, this Court should equitably remand the matter pursuant to 28 U.S.C. §1452(b), and/or abstain pursuant to 28 U.S.C. §§1334(c)(1) and 1334(c)(2). [*Dkt*. #8], at 2. To avoid irreparable harm to GLH and the patients it serves, the Court should emergently remand this matter to the Chancery Court, so that it may consider whether Appellees are required to make GLH's June MHAP payment without interruption. Second and alternatively, if this Court determines it has jurisdiction and does not abstain, this Court should *immediately* enter an order enforcing the Chancery Court's Emergency Order and directing Appellees to continue GLH's MHAP payments without reduction or interruption – the clear intent of the Emergency Order.

## **GROUNDS FOR RELIEF**

**I.     THIS COURT SHOULD EXPEDITE AND REMAND THIS CASE TO CHANCERY COURT.**

As explained in GLH's Motion to Remand and/or Abstain, this appeal is not a core proceeding and, therefore, this Court should remand the case back to Chancery Court. GLH requests the Court to grant expedited and emergent consideration of its motion to remand so that GLH can ask the Chancery Court to enforce its Emergency Order before it is too late. With the Emergency Order and recoupment stay in place, GLH has gained valuable time during which it

has negotiated the proposed Contribution and Asset Transfer Agreement with UMMC, which will allow the citizenry of Greenwood and Leflore County continued access to hospital care. If Appellees withhold the June MHAP payment, however, this transaction will be dead because GLH will close and be unable to satisfy the condition of the transaction that it be in operation as of the Closing Date. Expedited consideration is necessary so GLH can seek an order enforcing the Emergency Order from the appropriate court in time to prevent Appellees from withholding GLH's June MHAP payment.

**To be clear, if Appellees fail to make the June MHAP payment, GLH will close by June 30, 2026. GLH therefore requests a hearing and ruling on the motion to remand as soon as possible so that, if it is correct and this Court does not have jurisdiction, it can obtain a hearing and further order from the Chancery Court *no later than June 22, 2026*. Time is critical.**

## II.    THE EMERGENCY ORDER PROHIBITS APPELLEES FROM STOPPING GLH's MHAP PAYMENTS.

Alternatively, if the Court finds that it has jurisdiction and does not abstain, the Court should immediately enter an order enforcing the Emergency Order and prohibiting Appellees from withholding or reducing GLH's MHAP payments.

As admitted by Appellees in their Notice of Removal, the Emergency Order remains in effect and binding on them. [*Dkt.* #1], ¶3. Pursuant to 28 U.S.C. § 1450, the Emergency Order and injunction issued in Chancery Court are not affected by the removal and remain in full force and effect until ordered otherwise. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974)("[I]njunctions, and other orders obtained in state court all remain effective after the case is removed to federal court."); *see also Stand. Forms Co. v. Nave*, 422 F. Supp. 619, 621–22 (E.D. Tenn. 1976)(holding a renewed motion

for restraining order after removal was moot because the prior injunction issued in state court was still binding).

The clear intent of that order is to preserve the status quo, i.e., the continuation of GLH's MHAP payments without reduction, pending this appeal and any subsequent administrative appeal. If Appellees follow through with their threat to withhold GLH's MHAP payments, GLH will close promptly, and the central Mississippi Delta will have no hospital.

In the Chancery Court's Memorandum Opinion, it concluded GLH was "entitled to a stay of the recoupments as a matter of right pursuant to Miss. Code Ann. 431-13-121(1)(j)." [*Chanc. Ct. Dkt*. #15], at 4. The Chancery Court further found that "[i]n addition to its statutory right to a stay, GLH is entitled to a stay pursuant to MRAP 8(b)(1)." *Id*. [4] The Court found that, even if GLH's motion was treated as a motion for preliminary injunction, GLH was entitled to a stay because it was substantially likely to succeed on the issue of whether it was entitled to a hearing on Appellees' September 17 Decision. *Id*. at 5-6. Based on evidence submitted by GLH, the Chancery Court then found that GLH would be irreparably harmed without a stay because it would be "unable to fund its payroll" and required to issue notices of employee layoffs under the Worker Adjustment and Retraining (WARN) Act, 29 U.S.C. Section 2101, *et seq*. The Court found that the public interest favored granting the stay because "GLH's closure will have immediate and long-lasting consequences not just for GLH, but for those GLH employees laid off, for those Medicaid beneficiaries in GLH's service area who will be deprived of accessible and necessary medical services, and for the Division itself, which will lose the source of funds from which the recoupment

---

[4] Trial courts in Mississippi follow the Mississippi Rules of Appellate Procedure when sitting as an appellate tribunal. *Pilate v*. Miss. *Dept. of Employment,* 282 So.3d 566, 569 n. 4 (Miss. 2019) ("it seems every few years this Court rules in another case that the Rules of Appellate Procedure apply to the trial clerks and trial courts when a trial court is sitting as an appellate court"); see *Van Meter v. Alford,* 774 So.2d 430,432 (Miss. 2000) (appeal from county court to circuit court governed by MRAP).

is collected." *Id*. at 7. For the same reasons, the balancing of the potential harms to GLH and Appellees favored granting the stay. *Id*. at 8.

Appellees' position that they have the discretion to withhold GLH's MHAP payments in light of this order is untenable. But for the stay, the recoupments at issue would have been withheld from GLH's regular MHAP payments. By staying the recoupments, the Emergency Order was clearly intended to maintain GLH's stream of MHAP payments from Appellees pending the outcome of this appeal. Allowing Appellees to circumvent the prohibition against recoupments by recouping all MHAP payments is nonsensical. Consequently, Appellees' threatened action, if not stopped, will be a flagrant violation of the Emergency Order, which this Court should not countenance.

## III.    WITHHOLDING GLH'S MHAP PAYMENTS VIOLATES DOM'S OWN RULES AND REGULATIONS.

Miss. Code Ann. § 43-13-117(A)(18)(c) requires Appellees to make MHAP payments to Mississippi Medicaid-participating hospitals like GLH "for the purpose of protecting patient access to hospital care." Under Appellees' September 15 Decision, GLH is to receive an MHAP payment of $2,447,038.73 in June 2026. *See* Exhibit 4. Under the Division of Medicaid Administrative Code promulgated pursuant to the legislative authority provided in Miss. Code Ann. § 43-13-121(1)(a)(iv), Medicaid providers are entitled to a hearing on, among other actions, withholding of funds resulting from overpayments, suspension of payments resulting from an audit, review or investigation, and matters related to payment rates if not previously considered by the Division. 23 Miss. Admin. Code Pt 300, Rule 3.1.A. The provider, here GLH, has thirty (30) days following the "Final Agency Action" to request a formal administrative hearing. *Id*. Rule 3.3.A.

The current Final Agency Action is the September 17 Decision that GLH will receive a June MHAP payment of $2,447,038.73. *See* Exhibit 4. The recoupment portion of the September 17 Decision was stayed by the Chancery Court, but the payment amount remains in effect. Thus, under the above regulations, Appellees cannot administratively change this decision – even if the Emergency Order were not in effect – without first giving GLH notice of a new Final Agency Action and thirty days in which to request an administrative hearing on that action. Because Appellees have failed to issue a revised Final Agency Action and have failed to provide GLH thirty days' written notice and an opportunity to request a hearing, any change in GLH's MHAP payment amounts will violate Appellees' own rules and regulations. For this reason, also, the Court should issue an order confirming that Appellees are prohibited from withholding or reducing GLH's MHAP payments without first obtaining Court permission on proper motion.

## <u>CONCLUSION</u>

For the reasons stated above, GLH urgently requests that this Court grant this motion and (a) expeditiously consider GLH's Motion to Remand and/or Abstain, (b) promptly remand this appeal to Chancery Court, or (c) enter an immediate order confirming and enforcing the Chancery Court's Emergency Order and prohibiting Appellees from withholding or reducing GLH's June MHAP payment. GLH request such other relief as is necessary and appropriate to preserve access to hospital care in the community it serves.

Respectfully submitted, this the 17th day of June, 2026.

**GREENWOOD LEFLORE HOSPITAL**

BY:  */s/ George H. Ritter*
**GEORGE H. RITTER (MSB #5372)**
**BEAU M. BETTIGA (MSB #105905)**
**WISE CARTER CHILD & CARAWAY, P.A.**
401 East Capitol Street, Suite 600 (39201)
Post Office Box 651

Jackson, MS  39205
Telephone:  601-968-5500
Facsimile:   601-967-5593
ghr@wisecarter.com
bmb@wisecarter.com

**SEAN R. GUY (MSB #100362)**
**DOUGLAS C. NOBLE, (MSB #10526)**
**MCCRANEY MONTAGNET QUIN & NOBLE,**
**PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
Facsimile: (601) 510-2939
sguy@mmqnlaw.com
dnoble@mmqnlaw.com