UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


GREENWOOD LEFLORE HOSPITAL                                    PLAINTIFF

V.                                         CIVIL ACTION NO. 3:26-CV-336-KHJ-MTP

CINDY H. BRADSHAW, in her official                          DEFENDANTS
capacity as the Executive Director of the
Mississippi Division of Medicaid, et al.

ORDER

A state administrative appeal does not become a federal bankruptcy case because one of the parties later files for bankruptcy in another district. The Mississippi Division of Medicaid ("Division") contends otherwise. The Court disagrees and remands this case.

Greenwood Leflore Hospital ("Hospital") is a public hospital in the City of Greenwood and Leflore County. *See* State Ct. Rec. [2-3] at 1. Its dispute with the Division is narrow: Was the Division required to give the Hospital a hearing before subjecting it to a business-ending Medicaid recoupment schedule? *See* Chancery Ct. Op. [2-14] at 5. The Chancery Court of the First Judicial District of Hinds County thought the answer was likely yes and stayed the recoupment pending appeal. *Id.* The Hospital then filed a Chapter 9 petition in the Northern District of Mississippi. *See* Notice of Bankruptcy [1-1]. Two months after the stay, the Division removed the appeal to this Court. *See* Notice of Removal [1]. And weeks later, the Division moved to refer it to the bankruptcy court. *See* Mot. [3]. The Hospital asks for remand to Chancery Court instead. Mot. to Remand [7].

The Court remands under 28 U.S.C. § 1452(b). If federal jurisdiction exists for this dispute, it runs through 28 U.S.C. § 1334(b), which reaches civil proceedings "related to" a case under Title 11. A proceeding relates to a bankruptcy when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Wood v. Wood*, 825 F.2d 90, 93 (5th Cir. 1987). This case clears that low bar—its outcome could affect the funds available to the estate— and the Division's [1] Notice of Removal stresses that point. [1] at 2. But related-to jurisdiction marks the outer edge of the Court's power, not the limit of its judgment. That the Court may hear this case does not answer whether it should.

A case stays in federal court when the proceeding either invokes a substantive right created by Title 11 or could exist only within a bankruptcy case. *Wood*, 825 F.2d at 97. This appeal does neither. The Division argues that the case now involves bankruptcy issues. *See generally* [3]; Mem. in Supp. [4]. But it reads those issues into a case that never raised them. They are consequences the administrative appeal's outcome might someday produce—not the question the Hospital put to the Chancery Court. *See* [2-14] at 1. Because the Court must look to "both the form and the substance of the proceeding," *Wood*, 825 F.2d at 97, what governs is what the Chancery Court itself identified as the subject of the appeal: "[t]hat denial—and not the underlying repayment schedule—is the subject of this appeal." [2-14] at 5. The bare possibility that the appeal's outcome could one day touch the estate makes it related to the bankruptcy, not core. *Wood*, 825 F.2d at 95.

The Chapter 9 setting only sharpens the point. Congress designed Chapter 9 to keep the federal courts out of a State's governance of its own municipalities, providing that bankruptcy "does not limit or impair the power of a State to control . . . a municipality." 11 U.S.C. § 903. The same statute says the Court "may not . . . interfere with . . . any of the political or governmental powers of the debtor." *Id.* § 904. A federal court sitting in review of whether a Mississippi agency owed a Mississippi municipal hospital a hearing under Mississippi's Administrative Code would cut against both commands.

Remand follows under Section 1452(b), which permits a court to return a removed claim "on any equitable ground." 28 U.S.C. § 1452(b) The Fifth Circuit reads that authority broadly, recognizing that remand is appropriate where a state court is better suited to resolve questions of state law, where retention would duplicate judicial effort across two forums, and where comity counsels return. *See Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984) (cataloguing factors under Section 1452(b)'s predecessor). Those grounds track Section 1334(c)'s abstention concerns, with which Section 1452(b) dovetails. *See Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 527 (5th Cir. 2015) (construing these provisions in the Chapter 15 context); *see also Dubose v. Merchants & Farmers Bank,* 318 F. Supp. 2d 419, 438 (S.D. Miss. 2003).

The equities here all point one way. The dispute turns on a single question of state administrative procedure between a state agency and a municipal hospital. Nothing but Section 1334(b) supplies federal jurisdiction. And the Chancery Court

3

has already done the work—it took evidence, entered findings of fact and conclusions of law, and granted an injunction—so that comity and judicial economy alike counsel returning the case to finish where it began. The timing seals it. The Division litigated this question in Chancery Court, lost the stay, and only then removed. Section 1452(b) lets a court decline that kind of detour.[1] The remand returns the Chancery Court's injunction to the court that entered it, undisturbed. *See* 28 U.S.C. § 1450 (a state-court injunction survives removal until the district court dissolves or modifies it). The Court neither enlarges nor construes the state-court injunction.

For these reasons, the Court GRANTS the Hospital's [7] Motion and REMANDS this case to the Chancery Court of the First Judicial District of Hinds County, Mississippi. The Court FINDS AS MOOT the Division's [3] Motion and the Hospital's [11] Motion.

SO ORDERED, this 23rd day of June, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

---

[1] The same facts would appear to trigger mandatory abstention. Section 1334(c)(2) directs a district court to abstain from a non-core, state-law proceeding that could not have reached federal court absent Section 1334 and that an available state forum can timely adjudicate. 28 U.S.C. §1334(c)(2). The Court need not decide the point, because Section 1452(b) independently compels remand and the two provisions are construed together. *See Firefighters' Ret. Sys.*, 796 F.3d at 527.

4